IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3125 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN FORREST, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

John Forrest was sentenced to a mandatory term of 180 months in prison for being an armed career offender and a felon in possession of a firearm. He has filed a timely Motion to Vacate Under 28 U.S.C. § 2255 (filing no. 109) which will be denied with prejudice after initial review.[1]

## I. BACKGROUND

According to Forrest's girlfriend and alleged roommate, Lisa Noah, he viciously assaulted her.[2] Noah showed visible signs of that assault. She reported the

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

[2] The facts relating to the assault, the arrest of Forrest, the search of the residence and the search of the separate storage unit are derived from Judge Piester's

assault to the Hastings, Nebraska police, and also told them that Forrest had a gun. The police went to the residence where Noah and Forrest apparently lived and arrested Forrest when he came to the door. The police did not ask him for consent to search the residence. The record made during the suppression hearing reflects no contemporaneous objection by Forrest to a search of the residence that ensued following his arrest. Rather, Noah, using her keys, allowed the police to enter the residence and search it after Forrest had been taken to the police station. She also signed a consent form. While the police did not locate a weapon, they did locate drugs, hygiene items for men and women, and mail addressed to Forrest and Noah. Noah retrieved a dog from the residence during the search, and remained in the residence after the police left.

Noah told the police that the gun might be at a storage unit maintained by Forrest or in his pickup. At the station, Forrest agreed to talk to the police and waived his *Miranda* rights, but he denied consent to search the separate storage unit. He did admit that he had previously hidden a gun above the ceiling tiles of the residence. He never asked for a lawyer. The interview lasted six minutes.

The police secured a warrant to search the storage unit after determining that Forrest had rented the unit and had prior felony convictions. The search unearthed a stolen .45 caliber weapon and ammunition.

Judge Piester ruled that there was no basis for a *Franks* hearing[3], no basis to suppress the fruits of the search of the residence or storage unit, and no basis to suppress any statements that Forrest may have made during the six minute interview

---

thorough opinions. (*See* filing no. 30 (denying *Franks* hearing); filing no. 41 (recommending denial of motion to suppress).)

[3]*Franks v. Delaware*, 438 U.S. 154 (1978).

at the station. I agreed with Judge Piester and denied the motion to suppress. (Filing no. 51.)

Represented by Assistant Federal Public Defender John Vanderslice, an experienced and extraordinarily competent criminal defense lawyer, Forrest entered a conditional guilty plea preserving the right to challenge my denial of the suppression motion. (E.g., filing no. 57 (Plea Agreement).) Vanderslice also objected to whether Forrest was an armed career offender. After an extensive evidentiary hearing, I overruled the objection and sentenced Forrest accordingly.

Vanderslice perfected an appeal arguing that I had erred in sentencing Forrest as an armed career offender. In a published opinion, the Court of Appeals rejected the appeal and affirmed the conviction. *United States v. Forrest*, 611 F.3d 908 (8th Cir.) (holding, among other things, that: (1) the defendant's prior Colorado conviction for felony menacing was categorically a violent felony offense; (2) the defendant's prior Colorado conviction for robbery was categorically a violent felony conviction; and (3) the defendant's prior Kansas conviction for attempted burglary constituted a violent felony conviction), *cert. denied* 131 S. Ct. 622 (2010). Vanderslice did not appeal the denial of the suppression motion.

## *II. ANALYSIS*

Condensed and summarized, Forrest asserts four grounds for relief and they are (1) the search of Forrest's residence violated the Fourth Amendment because he did not consent to the search, he objected to the search[4], and Noah, his girlfriend, had no

---

[4]The record conclusively rebuts Forrest's claim that he objected to the search of his residence. (Filing no. 48 at CM/ECF pp. 14-16 (Transcript).) Indeed, Forrest did not testify on that issue or any other. Nor did he file an affidavit claiming that he objected. Moreover, Forrest admitted in a brief submitted in objection to Judge Piester's report and recommendation that he never had the opportunity to object because he was arrested and taken to the police station before the officers sought

authority to consent to the search; (2) Vanderslice was ineffective for failing to appeal my decision to deny the motion to suppress; (3) Forrest's guilty plea was not knowing, intelligent or voluntary because Forrest believed he could withdraw his plea based upon the conditional nature of it and because of an unspecified "misrepresentation" by Vanderslice; and (4) I failed to employ the correct analysis when deciding whether the Colorado and Kansas convictions were violent felonies. Briefly, each of those arguments is taken up take up in turn.

First, no direct appeal was taken of the suppression argument and it has, accordingly, been defaulted. *See*, *e.g.*, *Mathews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997) ("The failure to raise an issue on direct appeal acts to bar petitioner from raising the issue for the first time in a section 2255 motion, and this rule applies equally when the conviction was entered pursuant to a guilty plea.") Such a default can be excused only by a showing of cause and actual prejudice from the error asserted. *Id.* As I shall next explain, Forrest cannot show cause or actual prejudice.

Second, Forrest argues that Vanderslice was ineffective for failing to appeal the suppression issue that was the subject of the conditional plea. However, that argument is conclusively contradicted by the court file. As the record reflects, Judge Piester's thorough analysis (*see* filing no 25 (Evidence Index); filing no. 30 (Memorandum and Order denying *Franks* hearing); filing no. 41 (Report and Recommendation); filing no. 48 (Transcript of Suppression Hearing)), which I adopted (filing no. 51 (Memorandum and Order adopting Report and Recommendation)), was correct. There could be no prejudice by failing to raise that issue on appeal. Simply put, the suppression argument was a clear loser.

---

consent from Noah. (Filing no. 50 at CM/ECF p. 2.) In that regard, and as the Supreme Court has made clear, where a "potential objector" is "nearby but not invited to take part in the threshold [consent] colloquy[,]" such a person "loses out." *Georgia v. Randolph*, 547 U.S. 103, 122 (2006).

Moreover, defense counsel like Vanderslice do not have a constitutional duty to raise on appeal every nonfrivolous issue requested by the defendant. *See*, *e.g.*, *Jones v. Barnes*, 463 U.S. 745, 751 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible . . . .")  Because the suppression argument was weaker than the critically important sentencing issue, Vanderslice cannot be faulted for failing to raise it even though Vanderslice prudently preserved the search issue in the plea agreement.  Vanderslice did what all good appellate advocates do; that is, he focused on what was most likely to attract careful appellate attention.

In short, whether viewed from the perspective of the cause and prejudice standard for excusing a default or whether viewed from the *Strickland*[5] standard for gauging claims of ineffective assistance of counsel, Forrest's second argument fails. Vanderslice did not err by failing to appeal the denial of the suppression motion, and there was no prejudice resulting therefrom either.

Third, the argument that Forrest's guilty plea was not knowing, intelligent and voluntary–because Forrest believed he could withdraw his plea based upon the conditional nature of the plea or because of some unspecified "misrepresentation" by Vanderslice–is frivolous.  The record makes plain that Forrest was given no assurances by anyone that he could withdraw his guilty plea based upon the conditional nature of it or otherwise. (E.g., filing no. 56 (Petition to Enter Plea of Guilty); filing no. 63 (Transcript of Plea Proceeding).)  When it came time for sentencing, and after I resolved the critical criminal history issue, I asked Forrest whether he wished to say anything.  Instead of telling me that he wanted to withdraw his plea, he responded: "No sir."  (Filing no. 94 at CM/ECF p. 82.)

---

[5] *Strickland v. Washington*, 466 U.S. 668 (1984).

Finally, Forrest's fourth argument is simply a rehash of what he argued in his direct appeal with a slightly different twist. Since he lost that argument on his direct appeal, he cannot raise it again in a § 2255 motion. *See, e.g.*, *United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005) (an issue raised and decided against a moving defendant on direct appeal will not be reconsidered on a motion under § 2255 even though it may be presented "in different clothes . . . .").

IT IS ORDERED that the Motion to Vacate Under 28 U.S.C. § 2255 (filing no. 109) is denied and dismissed with prejudice. A certificate of appealability will not be issued, but the application to proceed in forma pauperis (filing no. 110) is granted. A separate judgment will be entered.

DATED this 5th day of October, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.