IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 4:08CR3125 |
| v. | ) | |
| JOHN FORREST, | ) | MEMORANDUM |
| | ) | AND ORDER |
| Defendant. | ) | |

Pending before me is Forrest's second § 2255 action. It was initially filed on June 15, 2016 (filing no. 135) but amended on October 31, 2017 (filing no. 146). The amended motion is the governing pleading. I now deny Forrest relief but grant a certificate of appealability.

## *BACKGROUND*

This case is about what crimes qualify as violent felonies under the Armed Career Criminal Act (ACCA). I greatly simplify this complex matter for the purposes of clarity:

1. This is the second § 2255 case submitted by Forrest. *It regards a sentence imposed in 2009*. The Court of Appeals granted leave to file the motion effective on June 15, 2016 (filing no. 133) presumably because of the 2014 *Johnson* case and the fact that in 2015 the *Welch* case made the *Johnson* decision retroactive.

2. In 2009, Forrest pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). I determined that he had four prior violent felony convictions–Colorado convictions for second

degree burglary in 1986, robbery in 1988, and menacing in 1995, and a 2004 Kansas conviction for attempted burglary. On September 24, 2009 (filing no. 84), I sentenced Forrest to the mandatory minimum fifteen-year prison sentence prescribed for those defendants that have "three previous convictions ... for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). I did not specify what exact proviso of 18 U.S.C. § 924(e)(2)(B) I was applying.

3. Forrest appealed challenging all of the predicate offenses as not being violent felonies. The Court of Appeals thought otherwise. *United States v. Forrest*, 611 F.3d 908 (8th Cir. 2010). In particular, as to the 1986 Colorado conviction for second degree burglary, the Court found that under the modified categorical approach, Forrest's prior Colorado conviction for second-degree burglary was a violent felony within the meaning of the specifically enumerated offenses under the ACCA. The Colorado criminal complaint clearly charged a generic burglary offense *specifically enumerated* under 18 U.S.C. § 924(e)(2)(B)(ii).[1] *Id.* at 913.

4. On September 26, 2011, Forrest filed his first § 2255 action. (Filing no. 109.) In that matter, and among other things, Forrest again asserted that I erred in sentencing him as an armed career criminal. Because that argument had been raised and decided on direct appeal, I denied the ACCA claim on October 5, 2011. (Filing no. 112 at CM/ECF p. 6.) I also denied a certificate of appealability. The Court of Appeals denied a certificate of appealability and on December 23, 2011 dismissed the

---

[1] The complaint charged that Forrest "did 'unlawfully, feloniously and knowingly break an entrance into and enter and remain unlawfully in the building and occupied structure of Kimmickinnic Realty . . . .'" *Id*.

appeal. (Filing no. 120.) The mandate was issued on March 6, 2012. (Filing no. 122.)[2]

5. In this action, Forrest now concedes that the menacing and robbery convictions in Colorado are qualifying ACCA predicates.

6. In this action, and solely based on *Johnson*, the retroactivity of *Johnson* under *Welch* and the fact that the Eighth Circuit *explicitly* applied the "otherwise involves" (residual) clause of § 924(e)(2)(B)(ii) on direct appeal, *Forrest*, 611 F.3d at 912, the government now concedes that the 2004 Kansas conviction no longer qualifies as a predicate offense.

7. The only remaining question is whether the 1986 Colorado conviction for second degree burglary is an ACCA predicate and can be challenged by using *Johnson* as a "portal" to invoke *Mathis v. United States*, 136 S. Ct. 2243 (2016) (holding that Iowa's burglary statute, which encompassed entry into any building, structure, or land, water, or air vehicle, set out alternative means of fulfilling its locational element, which were broader than the locational element of generic burglary, i.e., entry into a building or other structure, and thus, defendant's prior Iowa convictions for burglary did not qualify as predicate violent felony offenses for a 15-year mandatory minimum sentence under ACCA because the sentencing court was required to look at the elements of the statute only–the categorical approach rather than the modified categorical approach–thus following the reasoning of the 2013 decision in *Descamps v. United States*, 570 U.S. 254 (2013).).

---

[2] Additionally, on August 29, 2014, the Court of Appeals denied Forrest's petition for authorization to file a successive habeas action. (Filing no. 124; filing no. 125.)

## *ANALYSIS*

It is undisputed that *Mathis* and *Descamps* are not retroactive. For example, consider *United States v. Gabrio*, No. 01-CR-165 (RHK), 2017 WL 3309670, at *4 (D. Minn., Aug. 2, 2017), stating:

> These cases are not products of *Johnson*, but rather directly follow from *Mathis*, which in turn follows from *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *Taylor v. United States*, 495 U.S. 575 (1990). None of these decisions have been made retroactively applicable to cases on collateral review. *See Davis v. United States*, No. 1:08cr74, 2017 WL 1477126, at *2 (E.D. Mo. Apr. 25, 2017) (noting that "several courts have held that *Descamps* and *Mathis* are not retroactively applicable to cases on collateral review") (citing *In re Thomas*, 823 F.3d 1345 (11th Cir. 2016); *Ezell v. United States*, 778 F.3d 762 (9th Cir. 2015); *Dawkins v. United States*, 829 F.3d 549 (7th Cir. 2016)); *see also Headbird v. United States*, 813 F.3d 1092, 1097 (8th Cir. 2016) (*Descamps* not retroactively applicable).

Therefore, reliance on *Mathis* and *Descamps* cannot meet the requirements of 28 U.S.C. § 2255 (h)(2) demanding that a second § 2255 action be based upon a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Indeed, to apply *Mathis* and *Descamps* would be to usurp the power of the Supreme Court to determine the retroactivity of its own decisions.

Moreover, it would be grossly unjust to allow *Johnson* and *Welch* to serve as a "portal" for the application of essentially unrelated series of non-retroactive cases like *Mathis* and *Descamps*. That is, there is no just reason to prefer an ACCA offender who gains relief through a *Johnson* "portal" but deny relief to an otherwise similarly situated ACCA offender who relies exclusively on *Mathis* and *Descamps*. If I were to do as Forrest requests, one offender would get to treat *Mathis* and *Descamps* as if they were retroactive while an otherwise similarly situated offender would not. In short, Forrest will not be allowed to bootstrap his *Mathis* claim by using the

4

substantively different and unrelated *Johnson* case. Therefore, I will deny Forrest relief because he has three qualifying predicate convictions.

The foregoing having been said, I will also grant a certificate of appealability. At least one court within this Circuit has seemingly used the *Johnson* case as "portal" to grant relief under *Mathis*. See [Stoner v. United States](), 2017 WL 3763521 (E.D. Mo., August 30, 2017).

IT IS ORDERED that the motions for relief under § 2255 (filing no. [135](); filing no. [146]()) are denied and dismissed with prejudice. A judgment will be entered by a separate document. A certificate of appealability has been granted and Forrest may appeal in forma pauperis if he so desires.

DATED this 6th day of December, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge